IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. |
| TOBY E. BIVINS, | : | 7:11-cr-19 (HL) |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

This case is before the Court on the Government's motion for review of the release order (Doc. 18) and motion for detention (Doc. 4). For the following reasons, the Government's motions are granted and Defendant Toby E. Bivins is ordered to be detained pending trial.

I.  **BACKGROUND**

On May 11, 2011, a four count indictment was returned against Bivins. He is charged with two counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and two counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

On May 19, 2011, Bivins made his initial appearance before United States Magistrate Judge Thomas Q. Langstaff. The Government moved to detain Bivins pending trial. The Government's motion to detain was heard on May 24, 2011. Judge Langstaff denied the motion and entered an order setting conditions for release for Bivins. The Government moved that the release order be stayed pending review of the matter by this Court. On May 25, 2011 Judge Langstaff entered an order

granting the motion to stay. Bivins remains in custody.

The Government has moved this Court pursuant to 18 U.S.C. § 3145 for an order revoking the release order entered by Judge Langstaff. This Court held a detention hearing on June 2, 2011. The review of Judge Langstaff's release order is *de novo*. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988).

II.     **ANALYSIS**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). If, however, there is probable cause to believe the defendant committed certain serious crimes, a presumption in favor of detention arises. A grand jury indictment establishes probable cause to believe that a defendant committed the crime with which he is charged. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985). Here, because an indictment has been returned against Bivins charging him with crimes involving minor victims, the rebuttable presumption arises that no condition or combination of conditions will reasonably assure Bivins' appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). Bivins does not dispute that the presumption applies to his case.

2

Once the presumption has been raised, the defendant has the burden of production to come forward with evidence to rebut the presumption. Quartermaine, 913 F.2d at 916. The defendant's obligation to present evidence does not shift the government's burden of persuasion. Id. (citing King, 849 F.2d at 488). Bivins has the burden to produce evidence "to suggest that he . . . [is] either not dangerous or not likely to flee if turned loose on bail." Id. (citing United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985)). However, "[e]ven if this evidence is sufficient to rebut the statutory presumption, the presumption 'remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence to factors listed in section 3142(g).'" Id. (quoting King, 849 F.2d at 488).

No argument has been made by the Government that there is a serious risk that Bivins will flee. Thus, the Court will only consider the issue of whether Bivins is a danger to the community.

Even assuming *arguendo* that Bivins has produced some evidence tending to demonstrate that he is not a danger to the community or that certain conditions of release will reduce that danger, the Court finds that the Government has met its burden in showing that Bivins is a danger to the community and that no conditions of release will reasonably assure the community's safety.

Title 18 U.S.C. § 3142(g) provides four factors the Court should consider in determining whether there are conditions of release that will reasonably assure the safety of the community. They are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The first factor for the Court's consideration is the nature of the offense charged. Bivins has been charged with crimes involving minor victims. By including the crimes involving minor victims in the statutory language of § 3142(g) Congress has shown that it considers the crimes Bivins has been charged with to be significant in terms of dangerousness. The distribution and possession of child pornography is serious enough to be included with other crimes of violence in the statutory language. Further, Bivins has been charged not only with possessing child

4

pornography, but also distributing it. These circumstances indicate that Bivins was more than a mere observer in the child pornography world and instead was an active player. The first factor weighs in favor of detention.

The second factor for the Court's consideration is the weight of the evidence against the person. Bivins confessed that he possessed the child pornography located on his computers and that he traded child pornography with other persons online. He further admitted that he was the person engaging in internet chat conversations describing child pornography and sexual acts with minors. For purposes of the hearing only, Bivins' counsel did not dispute Bivins' confession. The evidence against Bivins is strong not only because of Bivins' confession, but also because the evidence showed that Bivins possessed hundreds of images of child pornography.

The third factor requires the Court to take into account Bivins' character and history. The Court finds that Bivins has a history demonstrating that he is obsessed with obtaining child pornography and has an interest in making contact with children to engage in sexual relations. Strong evidence is that after Bivins was interviewed by agents in February 2010 and a search was executed seizing Bivins' three computers, Bivins acquired another computer and returned to distributing child pornography. Also strong evidence is that Bivins chatted in internet chat rooms about having sexual relations with children. While the Court recognizes that it is likely that Bivins was not telling the truth about his sexual relations with minors, the

5

chat logs demonstrate, at a minimum, that Bivins has a strong desire to have sexual relations with minors.

The Court weighs these facts against the evidence that Bivins has no criminal record, has no driver's license, no firearm, no financial assets, and does not live with children. It has read and considered the pretrial services report. It also considers that electronic monitoring and the prohibition on computer possession can work to reduce the risk of danger the community.

The balance weighs in favor of detention. Bivins has found ways to acquire internet access in the past after his computers were seized by the Government. The internet is constantly becoming easier to access even if a person does not have a personal computer at home. Moreover, even if Bivins does not access or distribute child pornography while released, the Court is considered that Bivins might act out if deprived of viewing child pornography. His mental state is seriously questioned given the nature of the internet chat conversations presented to the Court for review. Thus, the Court finds that the evidence clearly and convincingly establishes that home confinement, electronic monitoring, and a prohibition on computer possession would not deter Bivins from obtaining access to the internet and viewing child pornography, or in the worst case scenario, from acting on his impulses to have sexual relations with minors.

Fourth, considering the nature and seriousness of the danger to a person and the community that would be posed by Bivins' release, the Court finds that in view

of the offenses charged in the indictment, that if Bivins was released and obtained child pornography or made contact with children, his conduct would further the exploitation of children in the child pornography market or would cause a child or children to suffer devastating consequences.  The Court is hesitant to release back into the community a defendant who has shown a persistent determination to access child pornography and interest in having sexual relations with minors.  Based on his history, the Court is persuaded that Bivins will likely engage in similar conduct despite electronically monitored home confinement and a prohibition on computer possession.  The fourth factor weighs against Bivins.

## III. CONCLUSION

Based on the evidence before it, the Court finds that no set of conditions of release will assure the safety of the community.  The Government has carried its burden of proving by clear and convincing evidence that pretrial detention is warranted.  The motion for review of the detention order (Doc. 18) and the motion for detention (Doc. 4) are granted.  The release order entered by Judge Langstaff (Doc. 17) is revoked.  Bivins shall remain detained pending trial.

**SO ORDERED**, this the 3rd day of June, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

7